UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**EDWARD GENE FISHER**                                                                     **PLAINTIFF**

v.                                                                           CIVIL ACTION NO. 4:15CV-P141-JHM

**A.C.H. MEDICAL FACILITY**                                                              **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Edward Gene Fisher, a prisoner proceeding *in forma pauperis*, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

### I. SUMMARY OF CLAIMS

Plaintiff identifies the Defendant in this action as A.C.H. Medical Facility (ACH) at Daviess County Detention Center (DCDC).[1] He seeks monetary and punitive damages against Defendant.

Plaintiff states that he arrived at the DCDC on December 17, 2014, and in January his ears started to bother him. He states that after putting in a sick-call form, he was seen by "medical" and "[t]hey flushed [his] ears out and gave [him] benydrel for them whicth did not help." According to Plaintiff, he submitted another sick-call form and "they flushed [his] ears out and put [him] on ear drops witch did not help." On June 8, 2015, according to Plaintiff, "after multible visits to medical," he filed a grievance. He states that he has "filed multapule sick calls after that and they have noglected to do anything about [his] Illness and it is still going

---

[1] According to the DCDC website, www.daviesscojail.org., the institution "has contracted with Advanced Correctional Healthcare to provide 24/7 on-site medical, mental health and dental care to incarcerated inmates."

on with [his] ears and after all of this neglect [he is] on psyc meds that KCPC and the Doctor at LSCC percribed [him]." According to Plaintiff, the "medical facility at DCDC" stopped giving him the "psyc meds" and no one can tell him why. Plaintiff continues as follows:

> I am going through mintle distress and amotional stress and they have naglected me on giving me a meds to help my the doctor seen me and put me in suaside whatch for no reason and they still have not gave me any meds to help with my illness and my ears have not gotten any better and all they tell me is not to get water in them but will not give me any type of ear protection for when I take a shower and my hearing is getting worse then when I arrived hear. thay just will not help me in any way and I am scared if something is not done about it I might lose my hearing and medical keeps neglecting me but tells me to put in a sick call form so that thay can charge my account money for telling me that my ear has fluid and it will get better and that is all that thay will do for me and send me back to my cell.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 90 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the district court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

The sole Defendant in this action, ACH, is not a governmental entity. Plaintiff has sued Defendant ACH in its official-capacity. The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993), *abrogation on other grounds recognized by Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545, 559 (6th Cir. 2014). Defendant ACH has apparently contracted with the DCDC to provide medical services to the inmates. Thus, on initial review of the complaint, the Court presumes that ACH is a state actor.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: 1) whether Plaintiff's harm was caused by a constitutional violation; and 2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The same municipal-liability analysis applies to § 1983 claims against a private corporation like Defendant ACH. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("'*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.'") (quoting *Harvey v. Harvey*, 949 F. 2d 1127, 1129 (11th Cir. 1992). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.* at 817; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Plaintiff's complaint fails to satisfy the first requirement of a municipal-liability claim, *i.e.*, showing that Plaintiff's harm was caused by a constitutional violation. In the instant case, Plaintiff alleges that Defendant "has neglected to do any thing about [his] Illness and it is still going on." The Eighth Amendment's proscription against cruel and unusual punishment prohibits prison officials from deliberate indifference to an inmate's serious medical needs since such indifference constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) ("The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain on prisoners by acting with deliberate indifference to prisoners' serious medical needs.") (quotations omitted). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v.*

*Gamble*, 429 U.S. at 106; *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) ("It is well settled that the deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment.") (quotations omitted).

An Eighth Amendment claim consists of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The objective component requires that the medical need be sufficiently serious. *Rhodes v. Chapman*, 452 U.S. 337, 345-47 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). This component is contextually driven and is responsive to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. at 8. The subjective component requires that the official's conduct be deliberately indifferent to Plaintiff's needs. *Farmer v. Brennan*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 297-304 (1991); *Hunt v. Reynolds*, 974 F.2d at 735. Deliberate indifference is a "state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. at 835-36.

"To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. at 837). "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 106; *Farmer v. Brennan*, 511 U.S. at 835).

Further, not every claim of inadequate medical treatment states an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. at 105. Neither negligent medical care nor delay in medical care constitutes a constitutional violation without deliberate indifference resulting in substantial harm. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) ("Accidents, mistakes, negligence and medical malpractice are not constitutional violations merely because the victim is a prisoner. Neither negligent medical care nor delay in medical care constitutes a violation of the Eighth Amendment unless there has been deliberate indifference, which results in substantial harm."); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) ("Succinctly stated, negligent medical care does not constitute a valid section 1983 claim. Further, delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm.").

Plaintiff's problem lies with the subjective component of his alleged Eighth Amendment claim, *i.e.*, "'a sufficiently culpable state of mind in denying medical care.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. at 834). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. at 9 (citations omitted). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir.

6

1996). Thus, a difference in medical judgment between an inmate and prison medical personnel regarding the appropriate diagnosis or treatment is not enough to state a deliberate-indifference claim. *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *2 (6th Cir. Oct. 29, 1996). The Supreme Court stated: "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. at 107.

      Based on Plaintiff's own assertions in the complaint, Plaintiff received medical treatment for his complaints of problems with his ears. He states that he was seen by the medical staff on multiple occasions concerning this condition, his ears were flushed out, and he was given Benadryl and ear drops. He was advised by the medical staff that he should avoid getting water in his ears and that his ears would get better. With regard to the medication for Plaintiff's psychiatric problem, Plaintiff indicates that he was seen by a doctor and put on suicide watch. Plaintiff contends that the treatment he has received is insufficient. However, disagreements over the adequacy of treatment do not give rise to the level of an Eighth Amendment deliberate-indifference claim. *Westlake v. Lucas*, 537 F.2d at 860 n.5. Prisoners are not entitled to "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. at 8. While Plaintiff may disagree with the treatment offered, such disagreement does not amount to a constitutional claim.

      Plaintiff's complaint also fails to satisfy the second requirement of a municipal-liability claim, *i.e.*, showing that Plaintiff's harm was caused by the municipality. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor --or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978) "The 'official policy' requirement was intended to

distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *see also Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1988) (finding that the plaintiff failed to "adduce[] evidence of a definitive City policy, custom, or usage which was an affirmative link, the moving force that animated the behavior-the acts of commission or omission-of the police officers that resulted in the constitutional violations alleged."). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that Defendant ACH acted pursuant to a policy or custom in committing the alleged wrong against him. In addition, nothing in the

complaint demonstrates that the action or inaction of any medical personnel occurred as a result of any custom or policy implemented or endorsed by Defendant ACH.  The complaint, therefore, fails to establish a basis of liability against Defendant ACH and, therefore, fails to state a cognizable § 1983 claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted by separate Order.

Date: March 9, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
    Defendant
4414.003